UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMMANOUIL PIKOS, HARRY GIALAMAS,
PAVLOS KARAGEOGIOU, PRAHALAD LALL,
and DANIEL ROJAS for themselves and on behalf
of all others similarly situated,

                Plaintiffs,

v.

LIBERTY MAINTENANCE, INC., LIBERTY
MAINTENANCE/CORCON JOINT VENTURE,
LLC and ELITE CONTRACTORS, INC.,

                Defendants.
------------------------------------------------------------X

**DECISION AND ORDER:**
09-CV-4031 (WFK) (RER)

**WILLIAM F. KUNTZ, II, United States District Judge:**

By the First Amended Complaint filed August 14, 2014, Plaintiffs Emmanouil Pikos, Harry Gialamas, Pavlos Karageogio, Prahalad Lall, and Daniel Rojas (collectively "Plaintiffs") bring this action for themselves and on behalf of all others similarly situated who were employed by Liberty Maintenance, Inc., Liberty Maintenance/Corcon Joint Venture, LLC, and Elite Contractors, Inc. (collectively "Defendants") for earned but unpaid compensation pursuant to the New York Labor Law ("NYLL"). Dkt. 45 ("First Amended Complaint") at ¶¶ 3-4. Defendants move to dismiss the First Amended Complaint as time-barred and as not relating back to the original complaint in this action or, in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 53-16 ("MTD"). For the reasons discussed below, Defendants' motion to dismiss is DENIED IN PART and GRANTED IN PART.

## BACKGROUND

On June 4, 2009, Plaintiffs Emmanouil Pikos ("Pikos") and Harry Gialamas ("Gialamas") filed an action in the Supreme Court of New York, Kings County, on behalf of themselves and all others similarly situated against Defendant Liberty Maintenance, Inc. ("Liberty Maintenance") and five John Doe Bonding Companies. Dkt. 1 ("Original Complaint") at PDF 6-12. On September 18, 2009, Defendants removed the action to this Court on the basis of complete diversity of the parties. *Id.* at PDF 1-3. In the Original Complaint, Plaintiffs Pikos

–1–

and Gialamas alleged they and similarly situated laborers and mechanics provided labor to Liberty Maintenance between 2003 and 2009 for various publicly financed construction projects in the State of New York, including construction projects related to the Triborough Bridge, the Verrazano Narrows Bridge, and the Robert Moses Causeway. *Id.* at PDF 6-7. The Original Complaint also alleged Liberty Maintenance entered into various contracts (the "Public Works Contracts") with, among others, the City of New York, to perform the construction projects with the condition that each laborer, workman, or mechanic was to be paid the prevailing wage and supplemental benefits referenced in each of the Public Works Contracts. *Id.* at PDF 7. The Original Complaint further alleged Liberty Maintenance received monies pursuant to the Public Works Contracts, but Plaintiffs Pikos, Gialamas, and others similarly situated were not paid what they were owed. *Id.*

The First Amended Complaint, filed August 14, 2014, added Pavlos Karageogiou, Prahalad Lall, and Daniel Rojas as named Plaintiffs. First Amended Complaint at 1. The First Amended Complaint also added Liberty Maintenance/Corcon Joint Venture, LLC ("Liberty/Corcon") and Elite Contractors, Inc. ("Elite") as Defendants. *Id.* The factual allegations of the First Amended Complaint are nearly identical to those of the Original Complaint, with one exception: the First Amended Complaint alleges Defendants acted as a single integrated employer or joint employer of Plaintiffs while failing to pay Plaintiffs and others similarly situated prevailing wages, overtime wages, and supplemental benefits. *Id.* at 3-7. The First Amended Complaint states three causes of action: breach of the Public Works Contracts, willful failure to pay prevailing wages and supplemental benefits under NYLL §§ 191 and 198-c, and willful failure to pay overtime wages under NYLL § 663. *Id.* at 7-9.

On December 5, 2014, Defendants filed a motion to dismiss the First Amended Complaint as time-barred and as not relating back to the Original Complaint or, in the alternative, for failure to plead sufficient facts to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). MTD at 9-11, 14-25.

## DISCUSSION

### I. Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A sufficiently pled complaint "must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). If a complaint merely offers labels and conclusions, a formulaic recitation of the elements, or "naked assertions devoid of further factual enhancement," it will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks and alteration omitted). At this stage, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of Plaintiff, the non-movant. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). However, the Court need not credit "legal conclusions" in a claim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* at 72 (citing *Iqbal*, 556 U.S. at 678) (internal quotation marks and alteration omitted). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (internal quotation

marks omitted). Legal conclusions must be supported by factual allegations. *Id.*; *Pension Benefit Guar. Corp.*, 712 F.3d at 717-18.

Furthermore, "[w]here a defendant raises a statute of limitations defense in a pre-answer motion to dismiss, such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Rosario v. Local 1106 Transp. Works of Am.*, 29 F.Supp.3d 153, 158 (E.D.N.Y. 2014) (Chen, J.) (internal citations and quotation marks omitted).

## II. Analysis

### A. Statute of Limitations

Defendants argue the First Amended Complaint is time-barred because (1) Plaintiffs' claims all accrued before February 2, 2008, six years before Plaintiffs filed their motion to amend on February 2, 2014; and (2) Plaintiffs' claims cannot relate back to the filing of the Original Complaint because they rely on a single integrated employer/joint employer theory which was not raised in the Original Complaint, Defendants were not put on notice in the Original Complaint of the claims by the newly added Plaintiffs or against the newly added Defendants, and Plaintiffs did not fail to include the newly added Defendants in the Original Complaint due to a mistake about the proper parties' identities. MTD at 9-24.

In response, Plaintiffs argue (1) Defendants Liberty/Corcon and Elite lack standing to bring their motion to dismiss because they are unrepresented in this action[1]; (2) the claims against the newly added Defendants relate back to the Original Complaint because the claims arise out of insufficient payment under the same Public Works Contracts, the newly added Defendants were put on notice, and the newly added Defendants should have known they would

---

[1] Defendants Liberty/Corcon and Elite are represented by counsel, and Plaintiffs' claim to the contrary is meritless. *See* Dkt. 50, 52 ("Notices of Appearance").

have been named in the Original Complaint but for mistaken identity; and (3) the statute of limitations was tolled for the newly added Plaintiffs because the Original Complaint was filed as a putative class action, and the claims of the newly added Plaintiffs are identical to those in the Original Complaint. Dkt. 54-19 ("Opp.") at 2, 5-13.

The Court will address each argument in turn.

### 1. The Claims Against Liberty/Corcon and Elite Do Not Relate Back

Defendants argue the First Amended Complaint should be dismissed as to the newly added Defendants, Liberty/Corcon and Elite, because it does not relate back to the Original Complaint. MTD at 14-21. Defendants are correct.

"A claim against a new defendant in an amended complaint relates back to the original complaint if: (1) the claims against the new parties arise out of the same conduct, transaction, or occurrence as alleged in the original complaint; (2) the new parties received notice of the suit within 120 days of institution so that it will not be prejudiced in its defense; and (3) the new party knew or should have known that, but for a mistake concerning the identity of the party, the action would have been brought against the party." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 82 (E.D.N.Y. 2011) (Spatt, J.) (citing Fed. R. Civ. P. 15(c) and *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001)).

Defendants correctly argue this requirement is not met here because it requires Plaintiffs to have named the *wrong party* in its Original Complaint, and not simply an *additional party* who shares liability. Reply at 7. Courts in this Circuit have held relation back is only permitted where plaintiff named the wrong party in the original complaint, and not where plaintiff named one but not all of the right defendants. *See, e.g., Hahn v. Office & Prof'l Emp. Int'l Union, AFL-CIO*, 13-CV-946, 2015 WL 3448893, at *5 (S.D.N.Y. June 1, 2015) (Koeltl, J.) (citing *In re*

*Vitamin C Antitrust Litig.*, 995 F. Supp. 2d 125, 129 (E.D.N.Y. 2014) (Cogan, J.)). "In the Second Circuit…lack of knowledge [of an entity's participation in the complained-of conduct] does not constitute a 'mistake' for relation back purposes." *In re Vitamin C Antitrust Litig.*, 995 F.Supp.2d at 130 (citing *Barrow v. Wethersfield Police Dep't.*, 66 F.3d 466, 470 (2d Cir. 1995)). *See also Hogan v. Fischer*, 738 F.3d 509, 517-518 (2d Cir. 2013) (reaffirming the holding in *Barrow* that Rule 15(c) "preclude[s] relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities").

Here, Plaintiffs do not claim Liberty was the "wrong party" or argue Liberty does not share liability; rather, they attempt to add Liberty/Corcon and Elite as additional parties while maintaining Liberty as a defendant too. Opp. at 8-13. Plaintiffs argue that they were unaware of the "interconnections" between Liberty, Liberty/Corcon, and Elite, and "Defendants were aware that, but for Plaintiffs' lack of knowledge of these interconnections, [Liberty/Corcon and Elite] would have been named as defendants in the Original Complaint." *Id.* at 12-13. However, this is exactly the kind of mistake of identity precluded from relation back under Second Circuit precedent. *Hogan*, 738 F.3d at 517 (plaintiff's original ignorance of newly named defendant's identity does not allow for relation back); *see also Vitamin C Antitrust Litig.*, 995 F.Supp.2d at 130-131. Accordingly, Plaintiffs' claims against Liberty/Corcon and Elite cannot relate back to the filing of the Original Complaint. Defendants' motion to dismiss Plaintiffs' claims against Liberty/Corcon and Elite as time-barred is hereby GRANTED. Defendants' alternative motion pursuant to Federal Rule of Procedure 12(b)(6) to dismiss Plaintiffs' claims against Liberty/Corcon and Elite for failure to state a claim under a single integrated employer/joint employer theory upon which relief can be granted is hereby MOOT.

## 2. The Statute of Limitations Was Tolled for the Claims of the Newly Added Plaintiffs Against Liberty.

Defendants argue the statute of limitations was not tolled for the newly added Plaintiffs because their claims rely on factual allegations absent from the Original Complaint. Dkt. 55-4 ("Reply") at 2-3. Plaintiffs argue the statute of limitations for the newly added Plaintiffs was tolled by the filing of the Original Complaint under the doctrine set forth in *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974). Opp. at 5-6. Plaintiffs are correct.

In *American Pipe*, the Supreme Court held "the commencement of the [class] action satisfie[s] the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs." *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 551 (1974). Even where class action status is denied "solely because of failure to demonstrate that the class is so numerous that joinder of all members is impracticable, the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene" after denial. *Id.* at 553 (internal citation and quotation marks omitted). Tolling applies where the amended complaint relies on the "same evidence, memories, and witnesses" as the original complaint. *Dumont v. Litton Loan Servicing, L.P.*, 12-CV-2677, 2014 WL 815244, at *17 n. 27 (S.D.N.Y. Mar. 3, 2014) (Ramos, J.) (internal citation and quotation marks omitted).

Here, the newly added Plaintiffs—Plaintiffs Karageogiou, Lall, and Rojas—all worked for Liberty, the original defendant, within the six-year period preceding the filing of the Original Complaint on June 4, 2009, by Defendants' own admission. MTD at 10-11. The newly added Plaintiffs' claims against original defendant Liberty for failure to pay wages between 2003 and 2009 involve the same "evidence, memories, and witnesses" as those of the original Plaintiffs

and are "substantially similar[.]" *Josephson v. United Healthcare Corp.*, 11-CV-3665, 2013 WL 3863921, at *4-5 (E.D.N.Y. July 24, 2013) (Seybert, J.) (internal citations and quotation marks omitted). Accordingly, the *American Pipe* tolling doctrine applies to those claims. *Id.* Defendants' motion to dismiss the claims of the newly added Plaintiffs against Liberty is hereby DENIED.

### B. Plaintiffs Have Stated a Breach of Contract Claim Upon Which Relief can be Granted.

The Court will now turn to Defendants' remaining argument that Plaintiffs have not stated a claim for breach of contract against Liberty upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Reply at 10-11.

Defendants are incorrect. Plaintiffs have alleged the Public Works Contracts exist, Plaintiffs adequately performed work on those contracts, Defendants failed to pay wages under those contracts, and Plaintiffs were thereby damaged. First Amended Complaint at ¶¶ 23-31. These allegations are sufficient to sustain Plaintiffs' breach of contract claim. *Jones v. E. Brooklyn Sec. Servs. Corp.*, 11-CV-1021, 2012 WL 3235784, at *6 (E.D.N.Y. Aug. 7, 2012) (Gleeson, J.). Accordingly, the Court finds Plaintiffs have adequately stated their breach of contract claim against Defendant Liberty. Defendants' motion to dismiss the claims against Liberty in the First Amended Complaint on this ground is DENIED.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, Dkt. 53, is hereby DENIED IN PART and GRANTED IN PART.

**SO ORDERED.**

s/KAM

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 6, 2015
Brooklyn, New York